Atkinson
v
Holcomb.

---

ATKINSON *against* HOLCOMB.

In replevin. *J. Platt*, moved to change the venue from the county of Monroe to the county of Rensselaer, on the ground that the defendant had twenty-five witnesses living in the latter county.

*S. M. Hopkins*, contra, read an affidavit that the cause of action arose in Monroe, and insisted that replevin was a local action. The place is material and traversable. (2 Chit. Pl. 364, note (*c*) and (*e*). Gilb. Repl. 125, (*a*). Even on a plea of *non cepit*, the place is considered material, (1 Saund. Rep. 347, *n*. (1);) and if the plaintiff is driven to lay his venue in Rensselaer, the cause of action having in fact arisen in Monroe, he must be nonsuited at the trial.

At any rate, the action being for a tort, the plaintiff may retain his venue by stipulating to give material evidence, arising in the county of Monroe. (*Serially* v. *Wells*, 1 Cowen's Rep. 196. *Ross* v. *Lown*, 8 John. Rep. 354. *Duryee* v. *Orcutt*, 9 id. 248.)

Replevin is a local action, and, in general, the venue will not be changed from the county where the cause of action arose.

Whether there be any exception to this rule, as where the action is in nature of an ordinary action of trespass *de bonis asportatis?* Quere.

If this be an exception, yet the plaintiff may retain his venue upon the usual stipulation.

(*a*) This is p. 157-8 of the 3d Lond. ed.

*Platt*, in reply. Where replevin is to reclaim chattels distrained for rent, or cattle distrained *damage feasant*, it is, to be sure, a local action, because it relates immediately to lands, like trespass *quare clausum fregit*. The authorities cited on the other side prove this, and nothing more. The plaintiff does not show this action to be for any cause relating to land. It is an appropriate remedy to recover chattels tortiously taken by one private person from another, and may be substituted for trespass *de bonis asportatis*, where the owner choses to have the specific chattel, instead of damages. For aught that appears, it is no more local than any action of trespass *de bonis asportatis*.

*Per Curiam.* The only difference which the determination of this motion can make in the rights of the plaintiff, lies between considering the action in nature of a trespass *de bonis asportatis*, and properly an action of replevin. In the former case, he may retain his venue upon the usual stipulation—in the latter, it can not be changed, in any view upon the facts disclosed, because it is in its nature local. It is true, that replevin lies for a trespass *de bonis asportatis*, or for a wrongful distress either for rent or *damage feasant*. In general, however, it is a local action, the place being material and traversable; and we have looked into all the authorities upon the question, to see if there be any exception. We find none; and without saying whether it might not stand on the same footing as an action of trespass *de bonis asportatis*, where it appeared, upon the motion, to have been brought for that cause, we deem it our duty to treat it as, *prima facie*, local. Where nothing appears, therefore, of the particular nature and object of the action, as in this case, but merely that it is an action of replevin, we hold it within the general rule; and the motion must, therefore, be denied.

                                        Motion denied.